Dave Jenkin *PRO SE*
PO Box 10001 PMB 644
Saipan (County/Village) Garapan
MP 96950-8901 US
TEL: 1-808-212-4451
E-mail: DaveJenkinAgent@fastservice.com



FILED
DISTRICT COURT OF GUAM

SEP 07 2018

JEANNE G. QUINATA
CLERK OF COURT

# DISTRICT COURT OF GUAM

United States Territory of Guam

|  |  |
|---|---|
| Dave Jenkin *PRO SE*<br>*(Plaintiff)*<br><br>v.<br><br>United Continental Holdings, Inc.<br>United Airlines, Inc.<br>*(Defendants)* | ) Case No. **18-00031**<br>) *(to be filled in by the Clerk's Office)*<br>)<br>) Jury Trial: YES<br>)<br>) |

## COMPLAINT FOR A CIVIL CASE AND DEMAND FOR JURY TRIAL

**I. The Parties to This Complaint**

**A. The Plaintiff(s)**

    Dave Jenkin
    P O Box 10001 PMB 644
    Middle Road, Garapan Village
    Saipan, MP 96950-8901 US
    TEL   1-808-212-4451
    TEL2  670-783-4451
    E-mail  DaveJenkinAgent@fastservice.com

**B. The Defendant(s)**

    Defendant No. 1  United Continental Holdings, Inc.
                          c/o The Corporation Trust Company (Wolters Kluwer), Registered Agent
                          Corporation Trust Center
                          1209 Orange Street          (County) New Castle
                          Wilmington, DE 19801
                          TEL 1-302-658-7581

      Defendant No. 2  United Airlines, Inc.
                     c/o The Corporation Trust Company (Wolters Kluwer), Registered Agent
                     Corporation Trust Center
                     1209 Orange Street             (County) New Castle
                     Wilmington, DE 19801
                     TEL  1-302-658-7581

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff. What is the basis for federal court jurisdiction? *(check all that apply)*

                      **X**  Federal question      Diversity of citizenship

### A. If the Basis for Jurisdiction Is a Federal Question

*List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.*

The federal treaty, which is the basis for Jurisdiction under 28 U.S.C. § 1331 in this federal question,

is known worldwide as the "Montreal Convention." It is more formally known as the Convention for the

Unification of Certain Rules for International Carriage by Air, May 28, 1999, a multilateral treaty entered

into force on November 4, 2003. 2242 U.N.T.S. 309, reprinted in S. Treaty Doc No. 106-45, 1999

WL33292734 (2000). [hereinafter "Montreal Convention" or "M99" ].

### B. If the Basis for Jurisdiction Is Diversity of Citizenship    [This is not the basis for Jurisdiction.]

1. The Plaintiff(s)

    a. If the plaintiff is an individual

    b. If the plaintiff is a corporation

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

    a. If the defendant is an individual

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

    b. If the defendant is a corporation

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3. The Amount in Controversy

    The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

## III. Statement of Claim

A. This complaint sets forth a single cause of action for "Treaty Liability" under the Montreal Convention (M99), Article 17(1).

B. Plaintiff was a fare-paying passenger properly engaged in international travel from GUM [Antonio B. Won Pat International Airport, also known as Guam International Airport, an airport located in Tamuning and Barrigada, approximately three miles east of the capital city of Hagåtña in the United States territory of Guam] to MNL [the Ninoy Aquino International Airport or NAIA, formerly known and still commonly referred to as Manila International Airport as well as its codename Nichols Field, which is the airport serving Manila and its surrounding metropolitan area in the Republic of the Philippines.]

C. Defendant was the international air carrier. United Continental Holdings, Inc. owns, operates and does business as United Airlines, Inc. [the Defendant hereinafter, collectively "United."]

D. There was an accident onboard the United aircraft, operating as United Flight 183 on September 9, 2016, to which the passenger did not contribute.

E. The accident took place as described in the Passenger Injury Report completed by plaintiff and submitted to defendant. United flight attendant (international service coordinator) Ms. Aileen suddenly, without warning, recklessly and quickly moved the food catering cart (dinner service) from a still position, advancing it several rows at a fast rate of speed ,and ramming it sideways into plaintiff while seated, causing bodily injury.

F. Defendant has admitted causing the injury of the plaintiff in the event on board the United aircraft as described in III (E) hereinabove.

G. Plaintiff passenger immediately suffered and continues to suffer debilitating and painful physical injury (to left lower and left upper extremities), as a direct result of the on board accident.

H. Plaintiff passenger received emergency medical attention by a Registered Nurse (volunteer fellow passenger) onboard the United aircraft. Further, at the United Captain's direction, plaintiff passenger was moved upon arrival at MNL from the jet aircraft by portable rolling aisle chair to the MNL International Airport Medical Clinic, where plaintiff went through immediate intake by two nursing assistants and was examined timely by the Medical Doctor on duty. Medical evaluation, testing, diagnosis, management plan production, and continuing treatment by medical necessity as of the date of filing, continue as of the date of this filing.

I. Plaintiff's injuries have resulted in damages, with the amount in controversy not only more than $75,000, but nearing 113,100 "Special Drawing Rights (International Monetary Fund)."

## IV. Relief

WHEREFORE, plaintiff passenger prays for the following Relief from defendant "collectively" United, international air carrier, as required by the Montreal Convention (Article 21, Para 1rev) with the defendant strictly liable for passenger's bodily injury as a result of the accident, for damages up to a "first tier" limit of 113,100 "Special Drawing Rights, converted into United States Dollars (International Monetary Fund)" for:

A. Special Compensatory Damages [including but not limited to medical bills/costs, medical travels, costs of future medical bills, costs associated with altered plans, loss of incoming monthly funds as a direct result of debilitating physical manifestation of bodily injuries sustained on board the United aircraft] which tally in excess of $32,300, to be proven at jury trial;

B.  General Compensatory Damages [for chronic, ongoing serious physical discomfort and pain as a direct result of physical manifestation of injuries sustained, proximally flowing from physical injuries sustained on board the United aircraft] which tally in excess of $96,900;

C.  Interest at statutory rate;

D.  Legal and Attorney Fees, costs of court, fees in carrying out processes, plus all fees associated with collecting the judgment; and,

E.  For such other and further relief as this court deems just, proper and equitable.

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

**For Parties Without an Attorney**
I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: September 7, 2018

*[signature]* PRO SE
Signature of Plaintiff

.Dave Jenkin *PRO SE*
Printed Name of Plaintiff